IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02831-PAB-SBP

ALPHAGRAPHICS, Inc.,

    Plaintiff,

v.

WENDY FLETCHER RACE, and
LLOYD WELLINGTON RACE, JR.,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Unopposed Motion to Compel Arbitration and Stay Federal Action [Docket No. 29].[1] The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. The franchise agreement between the parties provides for binding arbitration over disputes arising under the agreement. Docket No. 3-1 at 35. The parties ask the Court to enforce that provision. Docket No. 29 at 2.

This case arises out of a dispute between plaintiff AlphaGraphics, Inc. and defendants Wendy and Lloyd Race, the former owners of an AlphaGraphics franchise store. *See generally* Docket No. 1. On November 27, 2024, the Court entered a

---

[1] While the motion asks the Court to stay the action, Docket No. 29 at 1, 7, defendants also the raise the possibility of the Court dismissing the case. *Id.* at 2, 7. Plaintiff filed a response indicating that, while it does not oppose defendants' request to stay the action, it would oppose a request to dismiss it. Docket No. 30 at 1.

stipulated injunction, Docket No. 27, which addressed the injunctive relief sought by AlphaGraphics.  Docket No. 29 at 2.  The arbitration provision in the franchise agreement made an exception for a dispute wherein AlphaGraphics requested injunctive relief.  Docket No. 3-1 at 35.

Courts evaluate motions to compel arbitration under a two-part analysis.  *Cavlovic v. J.C. Penney Corp., Inc.* 884 F.3d 1051, 1056-57 (10th Cir. 2018).  First, the Court must determine whether there is an agreement which provides the moving entity the right to compel arbitration.  *Id.* at 1057 (citing *Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1304 (10th Cir. 2017)).  Second, if there is an arbitration agreement, the Court must determine whether the facts at issue are within the scope of the agreement.  *Id.* (citing *Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1219-20 (10th Cir. 2002)).  The parties do not dispute either part of this analysis.  Docket No. 29 at 4.  The Court finds that granting this motion is appropriate.

Accordingly, it is

**ORDERED** that Defendants' Unopposed Motion to Compel Arbitration and Stay Federal Action [Docket No. 29] is **GRANTED**.  It is further

**ORDERED** that all claims in plaintiff's complaint, except any already resolved by the stipulated injunction entered in this case on November 27, 2024, shall be referred for arbitration.  It is further

**ORDERED** that this case is administratively closed pursuant to D.C.COLO.LCivR 41.2.  Either party may move to reopen for good cause.  Completion of arbitration will constitute good cause.  It is further

**ORDERED** that the parties shall file a status report with the Court on or before **July 16, 2025**, or within 30 days of completion of arbitration, whichever is earlier.

DATED January 16, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge